JONATHAN B. COLE (SB # 70460)
MATTHEW J. HAFEY (SB # 167122)
NEMECEK & COLE
A Professional Corporation
15260 Ventura Blvd., Suite 920
Sherman Oaks, California 91403
Telephone: 818-788-9500
Facsimile: 818-501-0328

Attorneys for Plaintiffs
NEW CITY RELEASING, INC. and
ALAN BURSTEEN

All future discovery filings sha[ll] include the following language on the cover page: "[Referred to Magistrate Judge Suzanne H. Segal]"

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

NEW CITY RELEASING, INC., a California corporation; ALAN BURSTEEN, an individual

Plaintiffs,

vs.

NATIONAL CASUALTY COMPANY, a Wisconsin corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No. 08 CV 03809-GW (SS)

**~~[PROPOSED]~~ PROTECTIVE ORDER**

Note changes made by court

GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED AS FOLLOWS:

1. This Protective Order ("Order" or "Stipulation," unless otherwise noted) shall govern all documents and discovery materials produced within the context of this action.

2. "Document" as used herein shall have the broadest possible meaning and shall include, without limitation:

a. A writing, "original", and "duplicate" as defined in Federal Rule of Evidence 1001;

///

  NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

b. Any and all tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic copy, magnetic or electrical impulse, or other form of communication is recorded or produced;

c. Floppy disks, hard disks, magnetic tape and computer memory;

d. Written discovery responses and the contents thereof, including, without limitation, responses to interrogatories and document requests;

e. Deposition transcripts and their contents; and

f. Any physical means or medium of recording or storing information.

3. As used herein, the term "Counsel of Record" shall mean the attorneys of record in this action who have appeared herein on behalf of a party, their partners, associates, secretaries and paralegals, all of whom shall be bound by the provisions of this Order.

4. As used herein, the term "Person" shall mean, in the plural as well as in the singular, any individual, corporation, firm, association, partnership, business trust, governmental body or any other legal or business entity, unless specified herein to the contrary.

5. As used herein, the term "Party" shall mean, in the plural as well as the singular, any Person named whether by name or as a Doe party named by substitution, and shall include the present employees of any such Party and a corporate Party's present directors and officers.

6. As used herein, the terms "Confidential Material" shall mean and refer to information that the Designating Party reasonably believes (1) to constitute proprietary information, confidential business information, and/or trade secrets relating to its business; (2) information in which the Party or third parties have a privacy interest, or (3) to be subject to protection from disclosure under other applicable law to be identified by the Designating Party.

7. In connection with this action, any Party to this action (hereinafter the "Designating Party") shall have the right to designate any Document, thing, material,

testimony, or other information derived therefrom, as "Confidential Material" under the terms of this Order as follows:

a. Any Documents (including any portions thereof and any information contained therein) designated to be confidential by any Party and which has had stamped or affixed thereon the word "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage Document shall designate all pages of the Document (so long as they are stapled or otherwise objectively affixed to one another, or are clearly sequentially numbered so that there is no doubt as to what constitutes a "Document") as confidential, unless otherwise indicated by the Designating Party. In the event that a Party initially produces a Document(s) or information without designating the Documents/information as Confidential Material, and later decides to designate the Documents/information as Confidential Material, the initial production of the Documents/information (without designating as Confidential Material) shall not operate as a waiver by that Party to later designate the Documents/information as Confidential Material.

b. The parties recognize that New City Releasing entered into certain Stipulated Protective Orders in *CB Productions, Inc. v. Spartan Home Entertainment et al.*, LASC Case No. BC 360003 and/or *CB Productions, Inc. v. Franchise Pictures et al.*, LASC Case No. BC 308790 (the "Underlying Actions") and produced and received Documents in the Underlying Actions pursuant to such Stipulated Protective Orders. Therefore, the parties agree that all Documents informally or formally produced by any party (including New City Releasing, Inc.) shall automatically be designated as Confidential Material, regardless of whether it is stamped "Confidential."

c. All deposition testimony, including oral testimony, deposition transcripts and the information contained therein, if, during the deposition, a Party designates the deposition as "Confidential Material." In that case, the entire transcript shall remain as "Confidential Material" until the Designating Party has had a chance to review the transcript and designate those specific portions of the transcript as

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

"Confidential Material," in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter as the Designating Party may direct. If the Designating Party does not designate specific portions of the transcript as "Confidential Material" within ten business days of its counsel's receipt thereof, the transcript shall be deemed non-confidential unless the Court orders otherwise.

d. The contents of any Documents, deposition testimony or other items designated as "Confidential Material," or any compilations, abstracts, audits or summaries of said Documents or deposition testimony, whether in oral or written form;

e. In addition to the above, "Confidential Material" will also include, if so designated by a Party, any information or Documents obtained or produced by a Party outside of the context of discovery in this action, including, without limitation, information or Documents obtained or produced by a Party prior to the institution of the present action. Further, nothing in this Order shall affect the rights of any Party to enforce any rights it may have regarding the confidentiality of Documents and other information disclosed or transferred to another Party or Person prior to the institution of the present action.

8. Any Party who objects to the designation of material as Confidential Material shall notify the Designating Party in writing of that objection, specify the designated material to which the objection is made, and specify the objecting Party's intended non-confidential use. The parties shall, within 10 days of service of the written objection, meet and confer concerning the objection. If the objection is not resolved, the objecting Party may, within 10 days of the expiration of the meet and confer period, file a noticed motion to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue. If a Party objects to more than one designation within a period of 10 days (calculated from the date of service of the first objection asserted by a particular party within the applicable 10 day period ("10

///

Disputes must be resolved by L.R. 37. SWS

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

Day Period")), the deadline for filing a noticed motion[1] shall be extended until 20 days after the end of the 10 Day Period - so that the objecting Party shall not be required to file more than one motion in a 30 day period. All Documents designated as Confidential Material pursuant to this Order shall remain confidential until the Court declares that the designated material is not subject to the protection of this Order for purposes of discovery.

8WS

9. "Confidential Material" may be disclosed only to:

a. The Court and its officers in this action;

b. Any Party, or an officer, director, or employee of a Party to the extent deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement or this action.

c. Experts and/or employees of a Party to the extent deemed reasonably necessary by named counsel to aid in the prosecution, defense, or settlement of this action;

d. Counsel of Record and the corresponding personnel of the law firms as set forth in paragraph 3;

e. Designated claims handler(s) who are handling a claim relating to this case, who are in the employ of an insurer which has accepted the duty to defend a Party.

f. Court reporter(s) working in this action;

g. Any deponent or witness at any depositions or other proceedings in this action to the extent deemed reasonably necessary by a Party's counsel of record to aid in the prosecution, defense, or settlement of this action.

/ / /

/ / /

/ / /

[1] The noticed motion may address any and all issues regarding all objections served by a particular party within the 10 Day Period.

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

   h. Any potential deponents or witnesses to the extent deemed reasonably necessary by a Party's counsel of record to aid in the prosecution, defense, or settlement of this action; and

i. Any other Person(s) as to whom the parties agree in accordance with the provisions of paragraph 10.

10. If counsel for any Party should conclude that, for the purpose of this action, such Party needs to disclose any Confidential Material or information derived therefrom, to any Person not described in paragraph 9 of this Order, counsel for such Party must request permission from counsel for the Designating Party in writing and state the purpose of the disclosure. If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless the Court, upon motion and for good cause shown, orders otherwise. However, each Party may disclose its own Confidential Material without regard to this Stipulation unless he or it is otherwise under an existing duty to another Person not to do so.

11. Confidential Material shall be treated as confidential by all Persons to whom such information may be disclosed and shall be used by all such Persons solely for the prosecution, defense, or settlement of the claims in issue in this action or claims that later become in issue in this action.

12. Any Person to whom the Confidential Material will be disclosed pursuant to paragraphs 9(c),(e),(g),(h), or (i) hereof shall first be shown and read a copy of this Stipulation and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Agreement attached hereto as "Exhibit A." The counsel obtaining the Person's signature on the Confidentiality Agreement will retain the original executed agreement. Upon termination of this action, each Party shall promptly (but in no event later than 10 days after a written request) assemble and send to the other Party copies of each executed Confidentiality Agreement.

13. Upon final termination of this action, unless otherwise agreed to in writing by named counsel for the Designating Party, each Party shall promptly (but in no event

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

later than 10 days after a written request) assemble and return all Confidential Material, including all copies thereof, to the Designating Party or to such other Party which produced the Confidential Material in this action. The Party to whom such Confidential Material is returned shall acknowledge receipt of such material in writing. This Stipulation and Order shall survive the final termination of this action. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

14. Where any Confidential Material or information derived therefrom, will be included in any papers filed with any Court, the Party seeking to file such papers ("Filing Party") shall, prior to the filing of Confidential Material or information derived therefrom with a court, seek permission to file such materials under seal in accordance with the Federal Rules of Civil Procedure and the Local Rules of Court.

15. This Stipulation does not constitute a waiver of any Party's rights to object to discovery on any grounds, including without limitation, a Party's right to object to the production of any Documents or part thereof upon any appropriate ground. Further, nothing contained herein shall be construed as a waiver of any objections which might be raised as to the admissibility at trial, or any other hearing or proceeding, of any evidentiary matter or material, including without limitation any material designated as confidential pursuant to this Stipulation. Nor does this Stipulation constitute an admission by any Party that any information any other Party designates as Confidential Material is in fact a trade secret, confidential business information, information in which such other party has a privacy right and/or is otherwise "confidential."

16. If a court or administrative agency subpoenas or orders production of Confidential Material that a party has obtained under the terms of this Order, such party shall promptly notify the Designating Party of the pendency of the subpoena or order and shall not produce the Confidential Material until the Designating Party has

/ / /

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

had reasonable time to object or otherwise to take appropriate steps to protect the material, unless so ordered by a court or other tribunal.

17. This Order shall not prevent any of the parties from moving the Court for an order that Confidential Material may be disclosed other than in accordance with this Order. This Stipulation is without prejudice to the right of any party to seek modification of it from the Court. This Stipulation shall remain in effect until such a time as it is modified, amended, or rescinded by the court. The Court herein shall have continuing jurisdiction to modify, amend, or rescind this Stipulation notwithstanding the termination of this action.

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

Dated: February 3, 2009

United States ~~District~~ Magistrate Judge

All future discovery filings shall include the following language on the cover page: "[Referred to Magistrate Judge Suzanne H. Segal]"

NEMECEK & COLE
A PROFESSIONAL CORPORATION
15260 VENTURA BOULEVARD, SUITE 920, SHERMAN OAKS, CALIFORNIA 91403-5344
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

EXHIBIT "A"

CONFIDENTIALITY AGREEMENT

The undersigned hereby acknowledges that he/she has read and is fully familiar with the terms of the Stipulation and Protective Order entered in the action entitled *New City Releasing, Inc., et al. v. National Casualty Company*, USDC Case No. 08 CV 03809-GW (SS) and hereby agrees to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court. The undersigned hereby consents to the jurisdiction of the United States District Court, Central District of California for purposes of enforcing this Order.

DATED: ________, 200__

By:______________________
(Print Name)

______________________
(Signature)